1
2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10

11 HUNG QUOC BUI,     Case No. CV 16-01138 RGK (RAO)

12          Petitioner,

13    v.     ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

14 TROY LUND, et al.,

15          Respondents.

16

17      On February 18, 2016, Petitioner Hung Quoc Bui ("Petitioner"), proceeding *pro se*, lodged a "Motion to Issue Order Directing Respondents to Lift a Department of Homeland Security Detainer Pursuant to 8 U.S.C. §§ 1252 and 1253," which Petitioner alleges is brought pursuant to 28 U.S.C. § 2241 ("Petition"). The Petition was subsequently filed on March 7, 2016.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

On May 16, 2011, Petitioner pleaded guilty to three counts of access device fraud, in violation of 18 U.S.C. § 1029(a)(2), and three counts of aggravated

---

[1] Unless otherwise indicated, the facts in this section are drawn substantially from the court records in the United States District Court for the District of Nevada in Case No. 3:10-cr-0099-LRH, of which this Court takes judicial notice. *See* Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records).

identity theft, in violation of 18 U.S.C. § 1028A. On October 25, 2011, the United States District Court for the District of Nevada sentenced Petitioner to 78 months of incarceration. Petitioner is currently serving that custodial sentence, with an anticipated release date of July 5, 2017. (Pet. at 3.)

Petitioner states that Immigration and Customs Enforcement ("ICE") issued an immigration detainer[2] against him. (Pet. at 3-4.) He argues that the detainer violates his constitutional rights and liberty interests because the detainer precludes him from participating in the Federal Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"). (*See id.* at 4, 7-8.) Petitioner requests the Court to lift the detainer so that he may participate in RDAP. (*See id.* at 4, 8.)

## II.   DISCUSSION

Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts permits this Court to "apply any or all these rules" to any habeas petition, including petitions not filed under 28 U.S.C. § 2254. In addition, Rule 4 of the Rules Governing § 2254 Cases provides that if it plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

Here, the Court finds that it lacks jurisdiction to consider the propriety of Petitioner's detainer. Where a petition for writ of habeas corpus is made pursuant to 28 U.S.C. § 2241, the petitioner must be "in custody" at the time the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968). Despite Petitioner's assertion to the contrary (*see* Pet. at 3), an immigration detainer alone "does not sufficiently place an alien in [ICE] custody to make habeas corpus available." *Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995) (quotations and

---

[2] An immigration detainer notifies a law enforcement agency with custody over an individual that the Department of Homeland Security will seek custody of the individual "for the purpose of arresting and removing the alien" upon completion of the individual's custodial sentence. 8 C.F.R. § 287.7.

citation omitted). Therefore, because Petitioner is not in ICE custody and is not challenging the conviction for which he is currently incarcerated, the Court lacks jurisdiction to hear Petitioner's claims.

Moreover, Petitioner is not entitled to the relief he seeks. The Court lacks jurisdiction to hear claims based on the Attorney General's decision, as implemented by ICE, to commence removal proceedings and its adjudication of removal cases. *See, e.g.*, 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 119 S. Ct. 936, 142 L. Ed. 2d 940 (1999) (holding that federal courts lack jurisdiction over "three distinct actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders'"). Consequently, the Court is barred from reviewing challenges to the issuance of a detainer. *See, e.g.*, *Bone v. Holder*, Case No. 14-cv-1747-JLT, 2015 WL 2345545, *3 (E.D. Cal. May 14, 2015) ("[T]he Court is without the power to compel ICE to take any specific action with respect to a detainer or potential removal hearing.").

Finally, Petitioner argues that the detainer violates his due process rights because the detainer precludes him from participating in RDAP.[3] (*See* Pet. at 7-8.) However, prisoners "do not have a protected liberty interest in RDAP participation or in the associated discretionary early release benefit." *Reeb v. Thomas*, 636 F.3d 1224, 1228 n.4 (9th Cir. 2011) (citations omitted); *see also, e.g.*, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) ("There is no constitutional or inherent right of a convicted person to be

---

[3] Petitioner makes clear, however, that he is not challenging BOP's determination to exclude Petitioner from participating in RDAP because of the detainer. (*See* Pet. at 7.)

conditionally released before the expiration of a valid sentence."); *Peck v. Thomas*, 697 F.3d 767, 774 (9th Cir. 2012) ("An inmate has no liberty interest in a sentence reduction in exchange for completion of RDAP.") (citation omitted).

### III. ORDER

Based on the foregoing, IT IS ORDERED THAT the Petition shall be DISMISSED.

DATED: 3/11/16

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE